IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–02141–KMT

SEA EAGLE FORD, LLC,

    Plaintiff,

v.

TEXAS QUALITY WELL SERVICE, LLC,

    Defendant.

---

**ORDER**

---

This matter is before the court on Defendant's "Motion to Stay Disclosure and Discovery Pending Court's Determination of Personal Jurisdiction" (Doc. No. 18, filed November 3, 2017) and "Motion for Protective Order" (Doc. No. 19, filed November 3, 2017). Defendant filed its combined response on November 10, 2017 (Doc. No. 26), and Defendant filed its combined reply on November 15, 2017 (Doc. No. 31).

Plaintiff brings this lawsuit against the defendant alleging negligence, gross negligence, breach of contract, fraud, and other allegedly unlawful conduct by the defendant in connection with services rendered by the defendant to the plaintiff at an oil and gas well known as the Shannon 4H well, in McMullen County, Texas. (*See generally* Doc. No. 1.) Defendant has moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer this action to the United States District Court for the Southern District of Texas. (Doc. No. 17.) Defendant now moves for a stay of discovery and for a protective order relieving it of

the need to respond to discovery requests propounded by the plaintiff pending a ruling on the motion to dismiss. (Doc. No. 31.)

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16

(6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Turning to the *String Cheese Incident* factors, the court acknowledges that Plaintiff has an interest in proceeding expeditiously with this case. However, the court finds that this interest is overcome by the burden Defendant might face if it were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction. *Cf. String Cheese,* 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."). Plaintiff argues that by seeking, as alternative relief, transfer of this case to the Southern District of Texas, it "implicity concedes that this action will proceed elsewhere, regardless of the outcome of [the motion to dismiss.]" (Doc. No. 26 at 5.) However, the decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org.,*

*Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).  This court declines to speculate as to whether District Judge Brimmer will dismiss the case without prejudice or transfer the case to the Southern District of Texas.

The court finds its own convenience also favors a stay, as any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction.  *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).  Finally, the interests of non-parties and the public do not prompt the court to reach a different result.

Having balanced the five *String Cheese* factors, the court finds that a stay of discovery is appropriate.

Therefore, it is

**ORDERED** that the "Motion to Stay Disclosure and Discovery Pending Court's Determination of Personal Jurisdiction" (Doc. No. 18, filed November 3, 2017) and the "Motion for Protective Order" (Doc. No. 19) are **GRANTED**.  All discovery in this matter is hereby **STAYED** pending ruling on the motion to dismiss.  The parties shall file a joint status report

within ten days of a ruling on the motion to dismiss to advise if the Scheduling Conference should be reset.

Dated this 16th day of November, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge